BREAUX, O. J.
This is an action for damages in the sum of $5,000 for plaintiff’s alleged illegal arrest on the 8th day of November, 1911, under the direction, it is charged, of the defendant company, an arrest made without probable cause. Plaintiff alleged that he was incarcerated on the 8th of November, 1911, until the 11th of that month and year, then placed in jail at Franklinton until the 15th day of November, without affidavit or warrant; released by the company on the day last stated. At Bogalusa the jail was unsanitary, confinement severe and hard. He avers the particulars of his arrest, and states that he was told on the night of the 7th of November of the year before mentioned, together with Harvey Pierson, he had broken electric light bulbs. He alleged that he was not guilty of the act charged, and that defendant was guilty of negligence in causing his arrest.
Defendant denied the averments of plaintiff, and averred that on the night of the 7th of November, 1911, the plaintiff, and others with him, came into its sawmill, maliciously broke its electric lights, was arrested therefor by the marshal of the incorporated town of Richardson, and placed in confinement. The superintendent of the defendant went to the office of the justice of the peace of the ward in which the alleged offense was committed, made affidavit, the warrant was issued by the committing officer, charging plaintiff with the offense committed, and afterward he was placed in jail.
This case and the case against Pierson, companion of Sharp, was decided against both by the judge without a jury.
Plaintiff, Sharp, was seen breaking the bulbs; It is true that only two were broken, as testified to by one of the witnesses. It was, none the less, an offense for which he should have been punished. Being guilty of an offense, he cannot be allowed damages. To use a trite expression, one must come into court with clean hands, and when he- has wantonly destroyed property, he cannot well be rewarded for the act, although defendant’s employes had him arrested without having first caused an affidavit to be made and a warrant' to issue.
Such an omission on the part of any one who has another arrested would be sufficient to allow damages, but not to one who has destroyed his property in the manner and at the time that it appears here the plaintiff committed the malicious mischief with which he is charged.
We, therefore, will affirm the judgment appealed from.
For reasons assigned, the judgment of the district court is affirmed.
PROVOSTY, J., concurs in the decree.